# SUPREME JUDICIAL COURT,

FOR THE COUNTY OF

# WASHINGTON.

## JUNE TERM,

### 1824.

---

### WALKER vs. GREEN.

If the *sheriff* return a *talesman*, in a cause in which his deputy is a party, it is a good ground of challenge to the juror, but will not support a motion to set aside the verdict.

In this case, a verdict being returned in favor of the defendant, who was a deputy of the sheriff of this county, and was sued in this action for an alleged misfeasance in his office, the plaintiff moved the Court to set aside the verdict and grant him a new trial, because, the panel not being full, the *sheriff* returned two talesmen, who sat in the trial. At the time of their being so returned, no objection was made.

*Wilson* and *Hobbs*, in support of the motion, contended that the return of the sheriff was error, and vitiated the trial ; and that it did not accord with the purity of trials by jury, to permit the sheriff to exercise so extensive a control over a cause in which his deputy was a party. And they cited *Morgan v. Wye* Cro. *Eliz.* 574. *Gregory v. Booker ib.* 586. *Corn v. Pasboro ib.* 894.

*Greenleaf* and *Chadbourne*, for the defendant, said that the objection was only a ground of challenge ; and that it was waived by the silent assent of the plaintiff at the trial. 3 *Bac. Abr. tit. Juries,* B. 3, E. 1, K. *Trials per pais*, 51. *Co. Lit.* 125 *b.*

MELLEN C. J. delivered the opinion of the Court.

In this case the talesmen were returned by the sheriff, without objection, although the defendant is one of his deputies ; and the question is, whether the verdict, which has been returned in favor of the defendant, ought to be set aside on that account. The fact on which the motion is founded appears on the record ; and of course, the plaintiff must be presumed to have known it, when the talesmen were returned.    Here, then, is evidence of an implied waiver of all objections on that account. The return of the talesmen by the sheriff was certainly a good cause of challenge; and had they been challenged they would have been set aside; but under the circumstances of this case, the objection comes too late.    The case of *Jeffries & al. v. Randall* 14 *Mass. 205*, is a stronger one than this.    There it does not appear that the fact on which the motion for a new trial was founded was known to the demandants until after verdict.    The juryman was by statute disqualified from sitting in the cause, if challenged, on account of his being interested in a question similar to that which was then in trial ; but, as he was not challenged, the Court refused to set aside the verdict.    See also the case of *Amherst v. Hadley* 1 *Pick.* 38, and note.

We are of opinion that the present motion cannot be sustained.

*Judgment according to the verdict.*